**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sandy Whitlock,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-02179-PHX-SMB<br><br>**ORDER** |

The Court now considers Plaintiff Sandy Whitlock's appeal from the Social Security Administration's denial of Plaintiff's application for supplemental security income ("SSI"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 15–27). The Court **affirms** the ALJ's decision for the following reasons.

## I. BACKGROUND

On January 18, 2022, Plaintiff applied for SSI alleging a disability onset date of December 2, 2012. (AR 15, 284.) Plaintiff's claims were denied initially and on reconsideration. (AR 15.) After an administrative hearing and a supplemental hearing, the ALJ issued an unfavorable decision on August 19, 2024. (AR 27.) The Appeals Council denied Plaintiff's review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR 1.) Plaintiff seeks review of the Commissioner's decision.

## II. LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*,

400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III. DISCUSSION

Plaintiff argues that (1) "[t]he ALJ erred in finding that the combination of the Plaintiff's obesity and joint degeneration, necessitating the use of walker, did not medically equal Listing 1.18"; and (2) "[t]he RFC in the Unfavorable Decision did not include functional limitations pertaining to all impairments established by the record and the Administration did not demonstrate that significant job numbers exist which are performable within the Plaintiff's RFC." (Doc. 16 at 7, 11.) The Court addresses each in turn.

### A. Step Three

At step three, if a claimant's "combination of impairments is medically equivalent to a listed impairment," the claimant is considered disabled and the five-step inquiry ends. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013); 20 C.F.R. § 416.926(a). "Listed impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Colvin*, 738 F.3d at 1176 (citation modified). Listing 1.18 is met for the abnormality of a major joint only if the plaintiff shows all of the following: (A) "Chronic joint pain or stiffness"; (B) "Abnormal motion, instability, or immobility of the affected joint(s)"; (C) "Anatomical abnormality of the affected joints"; and (D) "Physical limitation of musculoskeletal functioning that has lasted or is expected to last, for a continuous period of at least 12 months," combined with, in relevant part here, a "documented medical need for a walker." 20 C.F.R. Part 404, Subpart P, App. 1, Listing 1.18.

The ALJ found that Plaintiff had severe impairments including obesity, bilateral carpal tunnel syndrome, degenerative disc disease of the lumbar spine, lumbar spondylosis and facet syndrome, lumbar radiculopathy, cervical radiculitis, osteoarthritis of the bilateral knees and hips, degenerative joint disease of the bilateral knees, tendinitis of the

left shoulder, fibromyalgia, anxiety, and depression, along with non-severe obstructive sleep apnea. (AR 18.) During a physical examination, Plaintiff was able to tolerate full weightbearing in either leg. (AR 4862.) During the examination, Plaintiff was able to get in and out of her chair without assistance. The examiner described Plaintiff's walking pace as labored, but noted that her gait was "unremarkable, especially given her morbid obesity." (AR 4862.) The ALJ also found that Plaintiff was able to take care of her children and perform tasks at home. (AR 24.) Plaintiff was prescribed a walker, but testified that she did not use it "all the time," and that she relied on it primarily to walk "long distances." (AR 19, 22.)

The ALJ found that Plaintiff did not provide evidence that she had a "documented medical need" for a walker. (AR 19.) Plaintiff must provide "evidence from a medical source that supports [her] medical need for [a walker] for a continuous period of at least 12 months," and that evidence "must describe any limitation(s) in [her] upper or lower extremity functioning and the circumstances for which you need to use the [walker]." 20 C.F.R. Part 404, Subpart P, App. 1, § 1.00C6a. A prescription for a walker, by itself, does not demonstrate that such a device is medically necessary. *See, e.g.*, *Orozco v. O'Malley*, No. 1:23-CV-01373-SKO, 2024 WL 3969148, at *7 (E.D. Cal. Aug. 28, 2024). No medical opinion testimony determined that Plaintiff had a current medical need for a walker. This included the testimony from Dr. Joseph Gaeta that Plaintiff's impairments did not meet the requirements of Listing 1.18 and a medical consultant that did not note a need for a walker. (AR 40-41, 294.) The ALJ also found that Plaintiff can "tolerate full weightbearing in either leg and ha[s] a normal gait." (AR 23.) Substantial evidence thus supports the ALJ's finding that Plaintiff did not have a documented medical need for a walker.

Accordingly, the Court affirms the ALJ's step-three determination and finds that it is supported by substantial evidence.

**B. Step Five**

Plaintiff challenges the ALJ's step-five determination for multiple reasons. (Doc.

16 at 11-18); *see* 20 C.F.R. § 416.920(a)(4)(v). At the fifth step, there must be a showing that there are "a significant number of jobs exist in the national economy that the claimant can perform." *See Wilson v. Astrue*, 752 F. Supp. 2d 1146, 1152 (D. Or. 2010). The Commissioner has the burden to make this showing and "may satisfy this burden through the testimony of a vocational expert." *Id.* (citation modified).

Here, the ALJ considered testimony from a vocational expert who, considering "the claimant's age, education, work experience, and residual functional capacity," opined that Plaintiff could work as:

> Small products assembler (DOT 739.687-030), light, unskilled, SVP 2, about 45,000 jobs nationally, reduced to 27,500 jobs due to the standing and walking limits;
>
> Cashier II (DOT 211.462-010), light, unskilled, SVP 2, about 500,000 jobs nationally, reduced to 250,000 jobs due to the standing and walking limits; and
>
> Storage facility rental clerk (DOT 295.367-026), light, unskilled, SVP 2, about 69,000 jobs nationally.

(AR 26.) This was based, in part, on the ALJ's determination that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that she is limited to standing and/or walking for four hours and for sitting for a total of about six hours in an eight-hour workday with normal breaks." (AR 21.) The ALJ also noted that Plaintiff "is limited to carrying out simple instructions." (AR 21.)

Plaintiff argues that the "representative jobs identified by the vocational expert exceed the general educational development and aptitudes of the Plaintiff's RFC" which limits her to conducting simple tasks and standing or walking no more than four hours in an eight-hour workday. (Doc. 16 at 12.) The Commissioner appears to concede that Plaintiff is correct regarding the cashier II and storage facility rental clerk positions which carry a reasoning level of 3. (Doc. 20 at 9); *see Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (holding "that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning"). We accept this concession of error and find that the ALJ erred in finding that Plaintiff can

perform the jobs of cashier II and storage facility rental clerk.

The Commissioner, however, argues that any error on this point would be harmless because Plaintiff's limitations are not incompatible with the small products assembler position which carries a reasoning level of 2. (Doc. 20 at 10.) Indeed, the Ninth Circuit appears to recognize that a limitation of only being able to perform "simple, routine, or repetitive work" is not incompatible with level 2 reasoning. *See Zavalin*, 778 F.3d at 847. The vocational expert found that there were 45,000 small products assembler jobs nationally, reduced to 27,500 jobs due to her standing and walking limits assessed in the RFC. (AR 26, 52-53.) In the Ninth Circuit, 27,500 national jobs is considered a significant number of jobs. *See Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 529 (9th Cir. 2014) (finding 25,000 national jobs is a significant number). The Court thus finds that any error is harmless because substantial evidence supports that Plaintiff can perform the job small products assembler and that a significant number of those jobs exist.

Plaintiff also argues that the vocational expert's testimony is not reliable because the ALJ presented the vocational expert a hypothetical that did not "include limitations pertaining to all impairments established by the record." (Doc. 16 at 16.) Plaintiff asserts that her impairments cause her to have difficulty reaching, lifting and carrying, and that these limitations were not presented to the vocational expert. (Doc. 16 at 16) But Plaintiff's assertions that she had such limitations were based only on her own self-reports and were not identified as being limitations in any of her medical exams. Plaintiff's testimony on its own is insufficient to establish that these limitations should have been included in the hypothetical presented to the vocational expert. *See* 42 U.S.C. § 423(d)(5)(A) ("[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. § 416.929(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). And an ALJ "does not err" by omitting limitations that the claimant failed to prove. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Accordingly, the Court affirms the ALJ's step-five determination.

## III. CONCLUSION

Therefore,

**IT IS ORDERED** affirming the ALJ's decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 21st day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge